The Honorable Wm. Randal Wright Prosecuting Attorney Eighth Judicial District North P.O. Box 1317 Hope, AR 71802-1317
Dear Mr. Wright:
This is in response to Deputy Prosecuting Attorney Joseph P. Graham's request for an opinion on whether or not it is proper for a municipal clerk, who is a part-time county employee, to also serve as a volunteer auxiliary deputy. It is my understanding that this pertains, specifically, to a municipal court clerk, who is paid in part by the county, also serving as a volunteer auxiliary deputy in the sheriff's department.
RESPONSE
It is my opinion that A.C.A. § 16-10-208 prevents a municipal court clerk from serving as a volunteer auxiliary sheriff's deputy. This Code section is part of the "Arkansas Municipal Courts, Police Courts, City Courts, and Justice of the Peace Courts Accounting Law of 1977." This Accounting Law governs, inter alia, the maintenance of court funds and it establishes clerical duties for court clerks relating to court functions. See, e.g., A.C.A. §§ 16-10-204 and -209. Section 16-10-208
states as follows:
 The court clerk shall not be a member of the police department, marshal's office, or sheriff's office.
A.C.A. § 16-10-208 (Repl. 1999).
A municipal court clerk is clearly bound by this proscription. See
A.C.A. § 16-10-202 (providing in relevant part that the term "court," as used in this subchapter, means "any and all of the municipal . . . courts in the State of Arkansas.") With regard to service as a volunteer auxiliary sheriff's deputy, I believe it is clear from the Code sections governing auxiliary law enforcement officers (A.C.A. §§ 12-9-301 et seq. (Repl. 1999)) that this auxiliary deputy is a member of the sheriff's office. See A.C.A. § 12-9-301 (2) (defining "auxiliary law enforcement officer" as "a person who meets the minimum standards and training requirements prescribed for such officers by law and regulations and who is appointed by a political subdivision or a law enforcement agency as a reserve officer, volunteer officer, or mounted patrol. . . .") It may reasonably be concluded from this definition that one who is appointed by the sheriff as a volunteer auxiliary deputy is a member of the sheriff's office.
It is therefore my opinion that A.C.A. § 16-10-208 will apply in this instance to prevent the municipal court clerk's service as a volunteer auxiliary sheriff's deputy.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh